UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACEY SEARS, Individually and for Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> WELLNOW URGENT CARE, P.C., <br><br> *Defendant*. | Case No. 1:23-CV-03544 <br><br> Hon. Judge John F. Kness <br><br> Hon. Mag. Judge Gabriel A. Fuentes |

**WELLNOW URGENT CARE, P.C.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant WellNow Urgent Care, P.C. ("WellNow" or "Defendant"), by and through its attorneys, submits its Response in Opposition to Plaintiff's Motion to Compel Discovery (ECF No. 82 ("Plaintiff's Motion")).

**INTRODUCTION**

WellNow has fulfilled its discovery obligations at every turn. Plaintiff has not communicated with Defendant about this lawsuit since March 2024, and has refused to telephonically confer with WellNow about discovery since December 2023. Plaintiff has not taken a single deposition since filing her lawsuit in June 2023. But at the eleventh hour – 15 days before the close of fact discovery – Plaintiff now seeks court intervention for so-called "discovery disputes" she claims originated in November 2023.

Plaintiff's first motion to compel was both filed and denied on June 18, 2024 – with leave to refile by close of business on June 20, 2024 (ECF Nos. 80, 81) – on the basis that Plaintiff failed to comply with Local Rule 37.2. Thereafter, 10 days after the deadline, and without any attempts

1

to confer with WellNow, Plaintiff re-filed her Motion on July 1, 2024. Plaintiff's Motion is without a proper basis and should be denied for multiple reasons.

*First*, Plaintiff's new Rule 37.2 Certificate of Conference primarily refers to three unrelated single-claimant arbitrations. Plaintiff rejected WellNow's request to telephonically confer about this Motion in March 2024, and further mischaracterizes the conferrals for this lawsuit from prior to January 2024. Simply stated, Plaintiff's counsel did not follow the rules.

*Second*, WellNow previously produced several years of timekeeping records in its possession relative to Plaintiff and the Opt-ins. In the interest of good faith and to moot any further disputes regarding the temporal scope of the alleged incomplete production, prior to filing this brief, WellNow produced the outstanding timekeeping records in question on July 9, 2024.

*Third*, Plaintiff's request for class-wide discovery – with nearly two weeks before the close of discovery – is not appropriate under the circumstances, since Plaintiff did not telephonically confer with WellNow about the scope of WellNow's objections. To the extent Plaintiff unilaterally took the position that there was an impasse, Plaintiff waited over seven months to seek court relief.

*Fourth*, Plaintiff's attempt to use her Motion to usurp Judge Kness's authority to rule on WellNow's fully briefed and pending Rule 16 Motion, which was filed in January 2024, is improper. Plaintiff's Motion inappropriately asks this Court to issue evidentiary orders relative to the production of binding arbitration agreements. Plaintiff cannot circumvent that forthcoming Rule 16 motion ruling by asking another Judge to insert himself into that other motion.

*Fifth*, WellNow's objections to Plaintiff's written discovery requests are valid, as the proportionality of Plaintiff's written discovery requests are limitless. Further, in contrast to Plaintiff's assertions, WellNow rescinded its General Objections in a later discovery

2

supplementation. Plaintiff's request for relief in regards to an earlier version of discovery responses, which were thereafter supplemented several months ago, should be rejected as moot.

*Finally*, Rule 37 sanctions are not appropriate. Plaintiff refused to confer telephonically about this lawsuit on three occasions. Plaintiff has not pursued discovery for six months, or even communication about discovery for three months. WellNow has produced over 1421 pages of records. Sanctions are thus not substantially justified or warranted.

Accordingly, for the reasons more fully set forth below, WellNow respectfully requests this Court deny Plaintiff's second-filed Motion to Compel in its entirety, with prejudice.

## **PROCEDURAL AND FACTUAL HISTORY**

Plaintiff filed her original Class and Collective Action Complaint on June 6, 2023 and her First Amended Complaint on October 13, 2023. (ECF Nos . 1, 34). Plaintiff filed her Motion for Conditional Certification on December 18, 2023. (ECF No. 44.) Defendant filed its Response in Opposition on January 8, 2024. (ECF No. 60.) Prior to WellNow's Response in Opposition, WellNow filed its Motion for Exclusion of Employees with Arbitration Agreements from the Collective Action (ECF No. 58 (the "Rule 16 Motion")). Both of these motions remain fully briefed and pending before the Court.

In the interim, discovery supervision was referred to Magistrate Judge Fuentes on September 8, 2023, with fact discovery set to close on July 16, 2024. (ECF No. 31.) Since discovery began, Plaintiff has: (1) refused to telephonically confer regarding the scope of her discovery requests, including WellNow's responses and subsequent supplemental responses; (2) made inaccurate statements to the Court about Plaintiff's efforts to meet and confer in-person with WellNow; (3) failed to move to compel for over three months as she previously represented to this

3

Court in the Joint Status Report submitted on March 21, 2024 (ECF No. 74); and (4) failed to notice any depositions, illustrating Plaintiff's failure to engage in discovery.

Concurrently with the above, Plaintiff's counsel and WellNow's counsel are litigating three independent arbitration proceedings on behalf of Claimants who withdrew from this lawsuit since they executed binding arbitration agreement (*see* ECF Nos. 35, 36): (1) Heather Hausler; (2) Nicole Tomlin; and (3) Kayleigh Peets. (*See* Exhibit A, Declaration George Schaller ("Schaller Decl."), ¶ 5.) All three matters are proceeding through discovery in arbitration. *Id.* In her Motion, Plaintiff is attempting to piggyback off of single-claimant arbitration discovery conferrals to claim she satisfied her Rule 37.2 burden in this class and collective action. Contrary to what Plaintiff would like this Court to believe, there has not been any overlap in discovery discussions in these arbitration proceedings and this lawsuit, because (1) the *Sears* lawsuit was not discussed in those conferrals; and (2) the discovery parameters in a complex class action and single-claimant arbitrations are apples as compared to oranges in terms of the scope of the requests.

Plaintiff filed her original Motion to Compel Discovery with the Court on June 18, 2024, and the Court denied her initial motion for failure to comply with Local Rule 37.2. Plaintiff now petitions this Court for identical relief with an updated Certification of Conference that asserts Plaintiff's conferral efforts. Plaintiff's assertions about conferrals are inaccurate and she apparently referred to from the arbitrations because Plaintiff's counsel declined to follow the applicable Local Rule for conferrals as to the discovery in this lawsuit.

In particular, WellNow disputes Plaintiff's description of the following dates for conferrals conducted between the parties:

> On November 29, 2023, at approximately 2:30 p.m. CST, William Hogg held a telephonic conference with George Schaller and Alex Karasik regarding the written discovery discussed herein, namely discussing Defendant's refusal to answer Interrogatory Nos. 1 and 2 to provide the names and contact information of the

4

putative class /collective members, its failure to produce any timekeeping and payroll records, Defendant's failure to properly object to Plaintiff's discovery, and Defendant's overall refusal to comply with its discovery obligations.

(ECF No. 82, Certificate of Conference, pg. 17)

On November 29, 2023, the parties conducted a telephonic conferral, at approximately 2:30 p.m. CST, and WellNow prepared a detailed summary of the parties' discussion that it sent to Plaintiff via e-mail. (Schaller Decl., ¶¶ 6, 7, Ex. 1, at 3-6.) Plaintiff provided her responses to WellNow's position in a resulting e-mail regarding the same conferral. (*Id.* ¶¶ 6, 7, Ex. 1, at 2-6.) These exchanges led to WellNow's supplemental responses to Plaintiff's discovery served on Plaintiff on December 19, 2023, and January 29, 2024, respectively. (*Id.* ¶ 8.)

Plaintiff's Rule 37.2 certification that a "in-person conferral" occurred is inaccurate. (ECF No. 82, Certificate of Conference, pg. 17.) There was no in-person conferral on January 12, 2024. (*See* Exhibit B, Declaration Alex Karasik ("Karasik Decl."), ¶ 9.) During Plaintiff's deposition, Plaintiff's counsel attempted to unilaterally demand an unplanned discovery conferral on the record. (*Id.* ¶ 7, Ex. 1, 234:8-25 – 235:22.) Counsel for WellNow politely declined to conduct a discovery conference during Plaintiff's live deposition, and offered to confer = after returning home from the deposition, with his co-counsel present. (*Id.*, ¶ 8, Ex. 1, 234:17-25 – 235:14.) Plaintiff never proposed any dates to confer, and in effect, rejected WellNow's offer. (*Id.*, ¶ 10.)

Plaintiff then claims that after WellNow's "express refusal to confer" during the deposition, "Plaintiff's Counsel conferred multiple times on-and-off over the next several months in an effort to avoid bringing this Motion to Compel and was met with abject refusal by Defendant to provide the information sought herein." (*See* ECF No. 82, Certificate of Conference, pg. 17.) Plaintiff's examples are not "conferrals" related to the Motion to Compel, nor do these examples accurately reflect what occurred on those dates. For instance, Plaintiff states:

5

> For example, an associate at Plaintiff's Counsel's law firm, Wady Chavez, and Defendant's counsel, George Schaller, held a telephonic conferral on May 28, 2024 at approximately 10:00 a.m. CST to discuss Defendant's failure to supplement discovery, namely the timekeeping records and other categories of information discussed in this motion. (*Id.*)

No telephonic conferral occurred on May 28, 2024. (Schaller Decl., ¶ 11.) Mr. Chavez is not a counsel of record in this case, but rather, represents Claimants in the arbitration proceedings against WellNow. (*Id.* ¶ 10.) In one of those arbitration proceedings, on May 24, 2024, the parties discussed conducting a conferral prior to submitting a discovery dispute letter for the arbitration. (Schaller Decl., ¶¶ 10, 12-13; Ex. 2, at 2.) Counsel for WellNow suggested a telephonic conferral in advance of submitting the parties' discovery letter for the arbitration, the parties agreed to confer on May 28, 2024, at 10:00 a.m. CST, but Plaintiff later rescinded any telephonic conferral scheduled for that date. (*Id.* ¶ 13, Ex. 2, at 1.) No call ever occurred. (*Id.* ¶ 13)

Plaintiff's next example also omits that this "conferral" was part of an arbitration proceeding:

> On June 4, 2024, Mr. Hogg and Mr. Chavez held another telephonic conference with George Schaller wherein they expressed the same concerns and requested Defendant supplement discovery responses, namely the timekeeping records.

(ECF No. 82, Certificate of Conference, pg. 17)

On June 4, 2024, a telephonic conference occurred before Arbitrator James A. Brown regarding WellNow's supplemental discovery responses for Claimant Heather Hausler. (Schaller Decl., ¶ 14-15, Ex. 3.) This contents of this Motion was not discussed during that hearing. (*Id.*, ¶ 15.)

Plaintiff's final example again omits this "conferral" was part of an arbitration proceeding:

> Mr. Hogg and Mr. Chavez also held a telephonic conference with Defendant's counsel, George Schaller on June 13, 2024, at approximately 1:00 p.m. CST to discuss Defendant's failure/refusal to produce timekeeping records, among the other documents and categories of information discussed herein.

6

(ECF No. 82, Certificate of Conference, pg. 17)

On June 13, 2024, a telephonic conference occurred before Arbitrator Steven V. Modica regarding WellNow's supplemental discovery responses for Claimant Kayleigh Peets. (Schaller Decl., ¶ 16-17, Ex. 4.) The contents of this Motion was not discussed during that hearing. (*Id.* ¶ 17.)

An arbitration hearing for a separate single-claimant matter is not a Rule 37 conferral for this lawsuit. None of Plaintiff's examples cited in her Motion were conferrals related to discovery in this lawsuit. Plaintiff's attempt to insinuate that these "conferrals" are proper is disingenuous.

The parties' most recent discovery discussions with respect to this proceeding occurred on March 21, 2024, through an exchange of e-mails to prepare the parties' joint status report, and concluded with no telephonic conferral. (*Id.* ¶¶ 18-20, Ex. 5.) During this exchange, Counsel for WellNow suggested "within the next 7 days the parties conduct a telephonic Rule 37 conference regarding all outstanding discovery issues." (*Id.* ¶ 20, Ex. 5, at 4.) In response, Plaintiff's counsel refused and said "there is no further discussion necessary." (*Id.*, Ex. 5 at 1.) Within the joint status report, Plaintiff represented that she "intend[ed] to file a motion to compel discovery in the near future." *See* ECF No. 74 at p. 2. Plaintiff then waited three months before filing the motion to compel discovery. Plaintiff did not confer with WellNow about this lawsuit a single time – via phone call or email – during those three months.

## LEGAL STANDARD

Pursuant to Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. E. CIV. P. 26(b)(1). On Local Rule 37.2, this Court has ordered, in relevant part:

> Local Rule 37.2 provides that the Court shall not hear a discovery dispute unless the movant certifies that it has complied with the rule. **The plain language of Local**

7

> **Rule 37.2 requires more than an exchange of emails**. *See BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 343 F. Supp. 3d 742, 743-44 (N.D. Ill. 2018) (collecting cases). **The Court does not consider an unanswered email, where no face-to-face or telephonic conference was requested, to be in compliance with the local rule**. Nor does a motion comply with the rule if it does not identify the time, manner and persons who participated in the Local Rule 37.2 conference (citations omitted) . . . But filing a motion not in compliance with Local Rule 37.2 risks having the motion denied without prejudice.

*See* Magistrate Judge Fuentes Standing Order on Local Rule 37.2 Compliance.

Plaintiff failed to comply with this Court's requirements governing a motion to compel discovery production. Accordingly, Plaintiff's Motion should be denied, with prejudice.

## ARGUMENT

This Court should deny Plaintiff's Motion in its entirety, as well as the miscellaneous relief Plaintiff is requesting in her motion, including any Rule 37 sanctions.

    **A.    Plaintiff's Representations To The Court Regarding Meet And Confer Efforts Are Not Accurate**

Defendant has produced 1421 pages of documents in discovery to Plaintiff. (Schaller Decl., ¶ 9.) In regards to any alleged deficiencies in WellNow's production or written responses, Plaintiff failed to meet and confer with Defendant for roughly six (6) months. Plaintiff's only discovery "conferral" with WellNow in 2024 occurred in connection with the filing of the March 21, 2024 Joint Status Report. The conferral was initiated by Defendant due to the Court deadline. (*Id.* ¶ 18, Exhibit 5). Plaintiff refused to telephonically confer, instead opting to threaten sanctions while stating "[t]here is no further discussion necessary." (*Id*. ¶¶ 19-20, Exhibit 5, at 1, 5).

In the Parties' joint status report filed with the Court on March 21, 2024, Plaintiff represented that she "intend[ed] to file a motion to compel discovery in the near future." *See* ECF No. 74 at p. 2. Over three months later, Plaintiff now petitions this Court to award immediate relief to remedy Plaintiff's lack of conferral efforts to advance discovery. Plaintiff's conduct fails

8

to satisfy Local Rule 37.2, which requires a good faith effort to resolve discovery disputes prior to seeking relief from the Court. Specifically, in Plaintiff's newly filed Motion, Plaintiff represents several instances of "conferrals" that were either unrelated to the instant proceeding or did not occur. *See supra*, § "Procedural And Factual Background." Plaintiff's refusals to discuss the discovery disputes should not be rewarded at this stage of this proceeding.

1. *Timekeeping Records for Plaintiff Sears and Opt-In Plaintiffs*

Plaintiff's arguments that WellNow refused to produce any "clock-in or clock-out records for Sears or any Opt-in Plaintiff at all," is inaccurate. WellNow produced the records in its possession and control when Plaintiff initiated her discovery requests. In January 2024, WellNow produced timekeeping records associated with the two-year statute of limitations for FLSA actions. In the interest of mitigating any discovery disputes about the temporal scope of the records, in advance of filing its opposition to the Motion, WellNow produced the remaining timekeeping records so as to resolve this portion of the dispute in good faith. (Schaller Decl., ¶ 21.)

As to the Putative Class Members, Plaintiff tellingly makes no argument other than including this request for records in the one sub-heading maintained in her Motion. *See* Plaintiff's Motion ECF No. 82, § 4 (A). In lumping fashion, Plaintiff concludes that her request for production for "Putative Class Members" somehow requires WellNow to produce records pertinent to this request. WellNow stands on its objections on this point and reiterates that Plaintiff's Motion for Conditional Certification is pending with this Court. Without resolution of Plaintiff's conditional certification motion, WellNow cannot plausibly ascertain the scope of this request and cannot determine what documents would be responsive to "Putative Class Members." WellNow therefore stands on its objections relative to Plaintiff's definition related to "Putative Class Members" and discovery regarding the same.

### B. Plaintiff's Eleventh Hour Appeal For Class Discovery Is Untimely

Plaintiff's undue delay in bringing this Motion is inexcusable, and further exacerbated by the fact that she explicitly denied this Court's invitation to re-file her motion at close of business on June 20, 2024. (ECF No. 81.) In this Circuit "motions to compel filed after the close of discovery are generally deemed untimely," and "[g]reater uncertainty occurs where the motion is made very close to the discovery cut-off date." *Feit Elec. Co., Inc. v. CFL Techs. LLC*, No. 13-CV-9339, 2023 WL 3436346, at *8 (N.D. Ill. May 12, 2023) (quoting *In Re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005) (finding that a party unreasonably delayed in bringing its motion to compel by not filing it until four months after the parties conferral conference).

Here, discovery closes on July 16, 2024 – a deadline that has been in place since September 21, 2023. *See* ECF No. 31. Plaintiff re-filed her Motion on July 1, 2024, merely fifteen (15) days prior to the close of discovery. In addition to Plaintiff's self-inflicted delay, Plaintiff also raises, near the close of discovery, that she should be entitled to "class" discovery under Rule 23. During the parties' prior conferrals, Plaintiff's discovery issues centered exclusively around WellNow's lack of production of completed timesheets and arbitration agreements. (Schaller Decl., ¶ 19, Ex. 5, at 1-2, 4-5.) Plaintiff's correspondence with respect to WellNow's purported non-compliant discovery did not include any discussion related to the scope of "class-wide" discovery. *Id.* Plaintiff's attempt to manufacture urgency regarding her "class" claims must be rejected, as any delay regarding the lack of progress on her Rule 23 allegations are entirely due to her own delay. Plaintiff has not properly conferred about any class discovery or moved for class certification.

Plaintiff claims that in *Joyce v. Colter Energy Services USA, Inc.*, No. 2:22-CV-1367, 2024 WL 326664 (W.D. Pa. Jan. 29, 2024) a Western District of Pennsylvania judge awarded similar relief in "virtually identical circumstances." Plaintiff's Motion at 9. Unlike here, the ruling in *Joyce* was made in the context of a bifurcated discovery schedule and the court granted plaintiff's

10

motion shortly after a failed mediation attempt that occurred one month prior. Here, in contrast, there is a clear deadline that establishes the close of discovery. Plaintiff has not been diligent in her meet and conferral attempts with WellNow, and certainly did not offer to mediate the matter. The Court should deny Plaintiff's Motion, this time with prejudice, as a result of this delay.

### C. Plaintiff's Untimely Arbitration-Related Arguments Should Be Rejected

Plaintiff's petition to this Magistrate Judge for a ruling on WellNow's Rule 16 Motion, when the matter is currently pending before the Article III Judge, is unwarranted. In fact, as recently as July 3, 2024, Judge Kness observed that both Plaintiff's Conditional Certification Motion and Defendant's Rule 16 Motion are fully briefed, and "the Court anticipates issuing a ruling in the near term." (ECF No. 84.) Plaintiff's Motion attempts to usurp the Court's role in determining when and how to rule on WellNow's Rule 16 Motion. Although Plaintiff demands that this Court rule immediately on WellNow's pending Rule 16 Motion, Plaintiff has failed to provide this Court with a valid reason for why it should do so. Plaintiff's pleadings are procedurally improper and without factual or legal merit.

Further, Plaintiff asks this Magistrate Judge for a remedy that is outside of the scope of his authority. Rule 72 provides that a Magistrate Judge, after referral from the district court, can issue orders on non-dispositive matters and issue reports and recommendations on dispositive matters. *See Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *13 (N.D. Ill. Mar. 16, 2020) (describing the contours of authority of a magistrate judge within the Seventh Circuit). Where the Magistrate Judge's authority is not properly conferred by delegation or consent, the Magistrate Judge lacks authority to rule. *Kalan v. City of St. Francis*, 274 F.3d 1150, 1153 (7th Cir. 2001) ("nothing in the record shows that the parties ever consented to [the] Magistrate Judg[e's] plenary authority … Magistrate Judge therefore had no authority to rule … and the judgement is a nullity).

11

Here, Judge Kness has not referred WellNow's Rule 16 Motion to the Magistrate Judge for adjudication, inasmuch as he intends on ruling on it "in the near term." Even in the event Judge Kness had referred Defendant's Rule 16 Motion to the Magistrate Judge for adjudication, given its status as a dispositive motion, the Magistrate Judge could only issue a report and recommendation on the matter, since WellNow has not provided its consent to a dispositive ruling. Accordingly, this Magistrate Judge should decline to intervene and disrupt Judge Kness's already announced "near term" timeline for ruling on WellNow's Rule 16 Motion.

### D. WellNow's Objections Are Valid

Plaintiff misrepresents the substance of WellNow's objections to Plaintiff's written discovery requests, and intentionally omits that when WellNow supplemented its responses, WellNow withdrew its General Objections entirely. *See* ECF Nos. 82-5, 82-6. With respect to WellNow's General Objections, WellNow withdrew those objections when it provided its first supplemental response to Plaintiff's written discovery requests. (Schaller Decl., ¶ 8.) In an attempt to obfuscate all of WellNow's objections, Plaintiff combines WellNow's previously rescinded General Objections and seeks to assert every single objection WellNow advanced as "boilerplate" or "baseless, generalized, and unsupported."

WellNow properly objected to Interrogatory Nos. 1-3, 5-6, and 8, on the grounds that these requests are overbroad, burdensome, and not proportional to the needs of the case. Each of these Interrogatories are disproportional as they request information for the "Putative Class" or "Putative Collective Members," which were first disputed in November 2023 and have been disputed throughout the litigation. Plaintiff offered no means to attribute whom she seeks information about, and instead Plaintiff seeks information about all "non-exempt WellNow employees." WellNow also objected to Interrogatory Nos. 1-3, 5-6, 8-11, and 14-15, on proportionality grounds,

12

for much the same reasons. Informational requests as to every single individual, at every single WellNow facility, without limitation, is by definition disproportional where Plaintiff has not moved for class certification under Rule 23, and where WellNow disputes Plaintiff's conditional certification motion. *See Wang v. Shanghai You Garden, Inc.*, Case No. 20-CV-4588, 2023 WL 5670772 (E.D.N.Y. 2023) (denying a plaintiff's motion to compel discovery with respect to the names and identities of potential class members at the pre-certification stage.)

WellNow's objections to Requests Nos. 4-8 and 15, are proper too, as conditional certification and class certification, which have not occurred, do alter the contours of these requests and the information elicited. This case is not conditionally certified, nor has Plaintiff moved for class certification under Rule 23. WellNow's responses and objections reflect that providing responses for every single putative collective member and putative class member is impossible. WellNow cannot ascertain what members Plaintiff seeks to represent whether through her disputed putative collective definition where WellNow disputes the geographic locations for these members and the "job description" of these members. (*See* ECF No. 60, § III, A-C.) The same is true for Plaintiff's purported class definition as Plaintiff's Rule 23 class claims center on "all non-exempt employees of WellNow." (ECF No. 34, ¶ 31).

For Request No. 34, in advance of filing this response, on July 9, 2024 WellNow produced the documents responsive to this request regarding "policies, procedures, or practices concerning the retention and preservation of documents or data pertaining to payroll, timekeeping, personnel, and human resource information during the relevant time period." (Schaller Decl., ¶ 22.) Therefore, no privilege dispute exists regarding Request No. 34. This matter is moot.

For Request No. 39, which seeks "organizational charts and WellNow's corporate structure" WellNow stands on its objection regarding to the relevance of this request. The

13

organizational chart has no bearing Plaintiff's allegations. On November 30, 2023, WellNow indicated it would not produce documents in response to this Request based on its objections. (Schaller Decl., ¶ 7, Ex. 1 at 6.) Plaintiff never engaged in a Rule 37 conferral about Request No. 39 in the following seven months thereafter. Nor did the parties ever confer about any privilege assertions. Plaintiff therefore waived her right to this irrelevant discovery.

WellNow's objections are specific and demonstrate the disproportional outcome of Plaintiff's written discovery. WellNow removed its General Objections, which Plaintiff omits from her Motion to Compel. WellNow's objections do demonstrate the harm that would occur if WellNow were required to answer each Interrogatory and Request advanced by Plaintiff in their current unfettered form. WellNow therefore requests this Court find WellNow has not waived its objections, as WellNow's objections are purposeful.

### E. Plaintiff's Request For Rule 37 Sanctions Are Not Appropriate

Plaintiff's request for Rule 37 sanctions is likewise not appropriate. Rule 37 directs the Court *not* to order monetary sanctions if the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). For the above-mentioned reasons, Plaintiff has not attempted to confer with WellNow in good faith, prior to seeking relief from this Court. The mere fact that Plaintiff is dissatisfied with Defendant's discovery production does not justify the imposition of sanctions. *See LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 159 (N.D. Ill. 2023) ("Rule 37 deals with the consequences of a failure to preserve and/or disclose, and does not necessarily address a party's initial concern that an opponent's discovery production process was inadequate.")

14

Further still, except for subsection (e), all the other provisions of Rule 37 prohibit district courts from imposing sanctions if the party's actions were (a) substantially justified or (b) harmless or sanctions would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii); Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 37(c)(1); 37(d)(3). With respect to Rule 37(a), a court may decline to impose monetary sanctions if "other circumstances make an award of expenses unjust." *Id*. Whether a party's failure to comply with the discovery rules is "substantially justified" or "harmless" is within the broad discretion of the district court. *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir. 2003). The same is true for a finding that that the imposition of sanctions would be "unjust." *DR Distributors, LLC v. 21 Century Smoking, Inc*., 513 F. Supp. 3d 839, 959 (N.D. Ill. 2021).

Given Plaintiff's lack of diligence in pursuing discovery, even in the event this Court does grant Plaintiff's Motion, awarding Plaintiff Rule 37 sanctions would not be substantially justified. WellNow's discovery efforts to date include a production of 1421 pages of documents, two sets of supplemental responses, and taking Plaintiff Sears' in-person deposition in Vermont in January 2024. On at least three occasions, when WellNow asked to confer about discovery by phone, Plaintiff refused. *See* (ECF No. 46, Karasik Decl., ¶¶ 5-8, (Plaintiff's refusal to telephonically confer regarding the Parties' December 21, 2023 joint status report); Exhibit B – Karasik Decl., ¶ 8, Exhibit 1, 234:17-235:14; Schaller Decl., ¶ 20, Exhibit 5, at 1, 4 (Plaintiff's rejection of Defendant's request for a telephonic Rule 37 conference to discuss all outstanding discovery issues.)) WellNow's good faith efforts to communicate about discovery should not be punished. Rather, the appropriate remedy is to deny Plaintiff's Motion is to deny the Motion with prejudice.

## **CONCLUSION**

WHEREFORE, WellNow respectfully requests this Court deny Plaintiff's Motion to Compel Discovery and the accompanying miscellaneous relief requested in Plaintiff's Motion.

| | |
|---|---|
| Dated: July 9, 2024 | WELLNOW URGENT CARE, P.C. |
| | */s/ Gerald L. Maatman, Jr.*<br>One of Its Attorneys |

Gerald L. Maatman, Jr.
*GMaatman@duanemorris.com*
Alex W. Karasik
*AWKarasik@duanemorris.com*
George J. Schaller
*GSchaller@duanemorris.com*
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6700
Facsimile: (312) 499-6701

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed through the Court's CM/ECF System and served on Counsel of Record.

> */s/ Gerald L. Maatman, Jr.*
> *One of the Attorneys for Defendant*