**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STACEY SEARS, JOEL AGUILERA, and AMBER SMITH, Individually and for Others Similarly Situated<br><br>v.<br><br>WELLNOW URGENT CARE, P.C. | Case No. 1:23-CV-03544<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

**ORDER GRANTING PRELIMINARY APPROVAL**

Stacey Sears, Joel Aguilera, and Amber Smith (the "Named Plaintiffs"), on behalf of themselves, on behalf of the Opt-In Plaintiffs (as defined below), and as Class Representatives of the State Law Classes (as defined below) (the "Settlement Class") (collectively, the "Plaintiffs") have moved for preliminary approval of a proposed class action settlement. After reviewing the Parties' Class Action Settlement Agreement, together with the proposed Claim Form, Notice of Class Action Settlement, Notice Reminder, Notice to Opt-in Plaintiffs, and Specific Release and Waiver attached to the Settlement Agreement as Exhibits A, B, C, D, E, and G, and other documents attached thereto, as well as the Plaintiffs' Unopposed Motion for Preliminary Approval and supporting documents, and after hearing arguments of counsel for the Parties, the Court finds and orders as follows:

1. The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the "Class Action Settlement Agreement" ("Settlement Agreement") is fair, reasonable and adequate. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with Class Action Litigation in general and with the legal and factual issues of this case in particular.

2. The Court has considered the pleadings and arguments made by the Plaintiffs in support of the motion for preliminary approval and finds that the proposed Settlement Class and the sub-classes described in the Settlement Agreement are proper and should be provisionally certified. Solely for the purposes of the proposed Settlement, the following Settlement Class, made up of four sub-classes, is hereby provisionally certified for purposes of settlement only pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

a. The "New York Class" means all hourly, non-exempt WellNow employees in New York who worked for WellNow in New York at any time from June 6, 2017, and the Preliminary Approval Date.

b. The "IMWL Class" means all hourly WellNow employees in Illinois at any time during from June 8, 2023, and the Preliminary Approval Date.

c. The "IWPCA Class" means all hourly WellNow employees in Illinois who clocked out for a meal break and/or whose clock in/out times were automatically rounded, at any time from June 8, 2016, and the Preliminary Approval Date.

d. The "Pennsylvania Class" means all hourly WellNow employees who worked in, or were based out of, Pennsylvania from June 8, 2023, and the Preliminary Approval Date.

3. Solely for the purposes of settlement, the Court finds that: (1) the Settlement Class and sub-classes are so numerous that joinder is impracticable; (2) questions of law and fact are common to the Settlement Class and sub-classes; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class and sub-classes; and (4) the Class Representatives will fairly and adequately protect the interests of the Settlement Class and subclasses. Further, for purposes of settlement only, the Court finds that the proposed Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure. Certification of the Settlement Class and sub-classes for settlement purposes is the best means of protecting the interests of all of the Class Members.

4. Solely for the purposes of the proposed Settlement, the Court preliminarily approves Michael A. Josephson and Andrew W. Dunlap of Josephson Dunlap LLP, Douglas M. Werman and Maureen A. Salas of Werman Salas P.C., and William C. (Cliff) Alexander and Austin W. Anderson of Anderson Alexander PLLC as Class Counsel. The Court also hereby preliminarily approves the Named Plaintiffs as the Class Representatives.

5. The Court appoints Simpluris Inc. as the Claims Administrator.

6. The Court approves, as to form and content, the proposed Claim Form, Notice of Class Action Settlement, Notice Reminder, Notice to Opt-in Plaintiffs, and Specific Release and Waiver attached to the Settlement Agreement as Exhibits A, B, C, D, E, and G, respectively. The Court finds that the procedures for notifying the Settlement Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and therefore directs distribution of the Notice Packet and Notice Reminder to Class Members as set forth in the Settlement Agreement.

7. A hearing, for purposes of determining whether the Settlement should be finally approved, will be held before this Court on December 16, 2026, at 1:30 p.m., in Courtroom 2125 of the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Class Action Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for Service Payments to be made to the Named Plaintiffs.

8. No later than fourteen (14) calendar days after the Court enters the Preliminary Approval Order, Defendant shall transmit the payment required by the Settlement Agreement by

wire transfer (or other appropriate means) to the Settlement Account. If the Court decides not to enter a Final Approval Order and Judgment for any reason, then the entire amount in the Settlement Account, including any interest earned on that amount, will be returned to Defendant, less any Administration Costs expended up to that point. No other funds shall be added to or comingled with the Settlement Account except as provided for by the Settlement Agreement. In no event shall the Claims Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the Settlement Account except as expressly provided in the Settlement Agreement.

9. With respect to the Settlement Account, the Claims Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and all applicable federal, state, and local law.

10. The Settlement Account, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

11. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order and Judgment, the Named Plaintiffs, Opt-in Plaintiffs, and all Class Members who do not timely submit valid Requests for Exclusion, and anyone acting on any of their behalf, shall be barred and enjoined from: (a) further litigation in this case; and (b) filing or taking any action directly or indirectly to commence, prosecute, pursue, or participate on an individual or class or collective action basis any action, claim, or proceeding against Defendant in any forum in which any of the claims released in the Settlement Agreement are asserted, or which in any way would prevent any such claims from being extinguished.

12. As of the Effective Date, each and every claims released in the Settlement Agreement by each of the Named Plaintiffs, Opt-in Plaintiffs, and Class Members who have not

timely submitted valid Requests for Exclusion shall be deemed to be conclusively and forever released as against Defendant. As of the Effective Date, all Class Members who have not timely submitted valid Requests for Exclusion are hereby forever barred and enjoined from prosecuting the claims released in the Settlement Agreement against Defendant.

13. All Class Members who do not opt out of the Settlement by submitting a timely Request for Exclusion shall be bound by all determinations and judgments in the Class Action Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class or Class Member.

14. To receive a Settlement Payment under the Settlement, Class Members who are not an Opt-in must materially complete, execute, and mail or e-mail the Claim Form to the Claims Administrator no later than the Claim Deadline, (the "Claim Deadline") as specified in the Settlement Agreement. Any Class Member who does not submit a timely and materially complete and executed Claim Form may not receive a Settlement Payment.

15. All Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline and subject to the terms and conditions set forth in the Settlement Agreement. The written objection must be filed with the Clerk of the Court and served upon counsel for both Parties on or before this date.

16. Any Class Member who wishes to be excluded ("Opt Out") from the Settlement Class and not participate in the proposed Settlement must complete and submit a Request for Exclusion to the Claims Administrator no later than the Claim Deadline, as specified in the Settlement Agreement.

17. Any Class Member may enter an appearance in the Class Action Litigation, at his or her own expense, individually or through counsel of his or her own choice. Any Class Member

who does not enter an appearance or Opt-Out of the Settlement Class will be represented by Class Counsel.

18. Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Class Action Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that (i) no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Class Member has, no later than the Claim Deadline, filed with the Clerk of the Court and served upon counsel for both Parties written objections explaining the basis of the objection; and (ii) no Class Member or any other person shall be heard or entitled to comment in favor of the proposed Settlement unless that Class Member has, no later than the seven (7) days prior to the Final Approval Hearing, filed with the Clerk of the Court and served upon counsel for both Parties written notice of his or her comments and/or intent to appear and comment in favor of the Settlement at the Final Approval Hearing. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement.

19. In the event that the Effective Date (as explained in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

20. The Parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

21. To the extent any prior order of this Court related to this Class Action Litigation is inconsistent with any of the terms or provisions contemplated by this Order or the Settlement Agreement, the terms in this Order and the Settlement Agreement shall govern, and such prior orders shall be hereby modified so as to allow the terms, provisions, and activities contemplated by the Settlement Agreement until such time as the Settlement is finally approved or deemed null and void.

SO ORDERED in No. 23 C 3544.

Date: August 3, 2026

JOHN F. KNESS
United States District Judge